UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 6:13-CR-20-S-GFVT-HAI-13 |
| JAMES RUSSELL BENNETT, | ) | RECOMMENDED DISPOSITION |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On April 16, 2014, the Court conducted a competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d). D.E. 549. Defendant made an oral motion for a psychological evaluation and hearing on December 17, 2013, during his initial appearance on an alleged bond violation. D.E. 377. On December 18, 2013, the Court granted Defendant's motion. D.E. 378. The Court ordered a custodial evaluation, and Defendant was remanded to the custody of the United States Marshal. *Id.* The Court, upon the required findings, ordered that the psychiatric or psychological examination be conducted pursuant to 18 U.S.C. §§ 4241(b) and 4242. *Id.*

The Court ordered the examination to be performed at the Federal Medical Center (FMC) in Lexington, Kentucky. D.E. 393. All parties had access to the Forensic Report ("the Report") (D.E. 543) issued by Dr. Dia B. Boutwell, Ph.D. In the Report, Dr. Boutwell opined that Defendant is competent for trial purposes. *Id.* at 17. After receipt of the Report, the Court set a hearing for April 17, 2014 (D.E. 544), which was continued due to a scheduling conflict (D.E. 547). During the competency hearing on April 16, 2014, the parties appeared with counsel and stipulated to the admissibility of the Report, as well as to the Report's findings. D.E. 549. The

parties also waived introduction of other proof and argument in opposition, and waived the right to cross-examine the evaluator.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960); *see also* 18 U.S.C. § 4241(a) (phrasing test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."); *United States v. Nichols*, 56 F.3d 403, 410 (2nd Cir. 1995) (applying the "two-prong" competency test from *Dusky*). Section 4247(d) governs the competency hearing, and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See id.*; *see also* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreement among the Circuits. *Compare United States v. Teague*, 956 F.2d 1427, 1431 n.10 (7th Cir. 1992); *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1991); *Brown v. Warden, Great Meadow Corr. Facility*, 682 F.2d 348, 352 (2nd Cir. 1982); *United States v. Hollis*, 569 F.2d 199, 205 (3rd Cir. 1977); *and United States v. Makris*, 535 F.2d 899, 906 (5th Cir. 1976) ("There can be no question that in federal criminal cases the government has the burden of proving defendant competent to stand trial at the s 4244 hearing . . ."), *with United States v. Robison*, 404 F.3d 850, 856 (4th Cir. 2005) ("Under federal

law the defendant has the burden, by a preponderance of the evidence [to show] that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" (internal quotation marks omitted)), *and United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) ("[T]he relevant competency statute arguably contemplates that the burden will lie with the party making a motion to determine competency."). Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See, e.g.*, *Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

With stipulations from both parties as to both the admissibility and the substance of the Report, the only proof as to current competency is the expert analysis of Dr. Boutwell. The Report reflects personal observation, a review of Defendant's medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's status in light of applicable competency standards. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Boutwell directly observed Defendant via interviews and subjected him to a number of psychological tests. The evaluator also secured and reviewed some of the relevant medical and court records, and conducted telephone interviews with Defendant's appointed counsel.

The Report is a thorough and comprehensive assessment of Defendant's mental and psychiatric condition. Notably:

>(1) The evaluation was conducted from December 26, 2013, through March 11, 2014, which constitutes a lengthy period of evaluation during which the

evaluator had ample opportunity to observe and evaluate Defendant. D.E. 543 at 1.

(2) Defendant acknowledged and appeared to understand the nature and purpose of the evaluation, the fact that the typical confidential relationship between psychologist and patient did not exist, that a report would be prepared, and that the report would be sent to the Court and distributed to the Assistant United States Attorney as well as defense counsel. *Id.*

(3) The evaluator reviewed Defendant's medical records from the Federal Bureau of Prisons; Baptist Regional Medical Center in Corbin, Kentucky; the University of Kentucky Medical Center; and Cumberland River Comprehensive Care Center . *Id.* at 1–2.

(4) The evaluator administered the Weschler Adult Intelligence Scale (Fourth Edition), the Minnesota Multiphasic Personality Inventory (Second Edition) Restructured Form, the Structured Inventory of Malingered Sympomatology, and also a series of open-ended competency related and personal history questions. *Id.* at 2.

(5) Defendant "was viewed as a fairly reliable historian for most personal information and his statements were essentially consistent with information contained in available records." *Id.*

(6) The evaluation noted that Defendant "denied any difficulty in reaching developmental milestones." *Id.* at 3.

(7) The evaluator recited at length Defendant's mental health history and diagnoses made at various times therein, including self-mutilation, major depressive disorder, and suicidal gestures. *Id.* at 4–8.

(8) The evaluator also noted that Defendant did not demonstrate any functional impairment during the evaluation and engaged in skills of daily living without issue. *Id.* at 8.

(9) While Defendant initially reported auditory hallucinations, he later admitted that the voices were in fact thoughts rather than hallucinations. *Id.* at 8–9.

(10) The evaluator explained that Defendant's results on the Minnesota Multiphasic Personality Inventory (Second Edition) Restructured Form and the Structured Inventory of Malingered Symptomatology indicated that Defendant engaged in over-reporting and exaggeration of psychopathology and somatic complaints. *Id.* at 10–11.

(11) Though Defendant reported significant depression, he did not exhibit overt behavior indicative of depression, and was not diagnosed with a depressive or mood disorder. *Id.* at 11, 12, 13.

(12) The evaluator noted that Defendant displayed "[n]o significant deficits in memory, attention, concentration, or cognitive functioning," (*Id.* at 11–12), and that "he expressed a realistic understanding of the legal process and his pending legal circumstances, and expressed his thoughts in a clear, coherent, and rational manner" (*Id.* at 15).

Thus, it is clear that Dr. Boutwell accurately applied the *Dusky* standard as codified in section 4241(a) to determine that Defendant is competent. Dr. Boutwell notes that Defendant "has the capacity to disclose relevant information to his attorney, consider various courses of action, provide relevant testimony if necessary, and make decisions following consultations with his attorney." *Id*. at 16. As such, the Report supports a finding that both prongs of the *Dusky* competency test appear to be met in this case, and its conclusions are unrebutted.

Additionally, the Court sought the insight of counsel for the defendant, Mr. C. William Swinford, Jr., who had initially requested the competency evaluation. Mr. Swinford reported that his recent observations are consistent with the opinion in the Report, and that he had reviewed the Report with Defendant. The Court also observed and interacted with Defendant at his competency hearing. Defendant was composed and respectful to the Court throughout the proceedings and displayed an understanding of the proceedings against him.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. The Court thus finds that, per 18 U.S.C. § 4241, Defendant is able to understand the nature and consequences of the proceedings against him and to assist

properly in his own defense. Therefore, the Court **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be filed within fourteen (14) days of service of this Recommended Disposition. Failure to object per Rule 59(b) waives a party's right to review.

This the 16th day of April, 2014.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge