UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:13-CR-20-GFVT-HAI-13 |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| JAMES RUSSELL BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Van Tatenhove (D.E. 1285), the Court considers reported violations of supervised release by Defendant James Bennett. *See* D.E. 1285 at 2. District Judge Van Tatenhove entered a judgment against Defendant on November 5, 2014, following his guilty plea to conspiracy to manufacture fifty grams or more of a methamphetamine mixture, a lesser-included offense of the original charge. D.E. 856. Defendant was originally sentenced to sixty months of imprisonment and a four-year term of supervised release. *Id.* at 2–3. Defendant began his term of supervised release on March 31, 2017.

On November 26, 2018, District Judge Van Tatenhove approved a Report on Offender Under Supervision, allowing no action to be taken following Defendant's positive urine test and admission to the use of methamphetamine on November 6, 2018. D.E. 1223. Defendant reported to the United States Probation Office ("USPO") on November 13, 2018, as directed by his probation officer, and provided another urine specimen which tested negative for the use of controlled substances. *Id*. Defendant showed a willingness to participate in treatment, and his probation officer placed him in outpatient substance abuse counseling once per week. *Id*.

On July 24, 2019, the USPO issued the Supervised Release Violation Report ("the Report") that initiated these proceedings and secured an arrest warrant on July 25, 2019. Defendant was arrested on August 5, 2019. The Report charges Defendant with two violations stemming from Defendant's admission to the use of methamphetamine. Violation #1 alleges that Defendant violated the condition that requires him to refrain from any unlawful use of a controlled substance. This is a Grade C violation. Violation #2 alleges that Defendant violated the condition that requires him to not commit another federal, state, or local crime based on his criminal history and the possession of methamphetamine, which is a violation of 21 U.S.C. § 844(a), Possession of a Controlled Substance, and a Class E felony. This is a Grade B violation.

I.

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on August 6, 2019. D.E. 1288. During the hearing, Defendant made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for detention; Defendant requested release and the Court heard argument. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required. *Id.*

At the final hearing on August 21, 2019, Defendant was afforded all rights under Rule 32.1 and 18 U.S.C. § 3583. D.E. 1294. Defendant waived a formal hearing and stipulated to the violations set forth in the Report. *Id.* The Court found Defendant to be competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.* Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233

F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade B violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(2). The Court announced it would recommend to District Judge Van Tatenhove that Defendant be found guilty of both violations.

During the final hearing, the parties each presented their recommendations as to the appropriate term of imprisonment and supervised release. The government argued for a three-month term of incarceration followed by two years of supervised release. Counsel for Defendant argued for a below-Guidelines Range sentence with a two-year term of supervised release to follow.

The government's argument emphasized the nature and circumstances of the original offense and the relationship to Defendant's present drug use, the need to deter criminal conduct, and several mitigating factors related to Defendant's characteristics and need for treatment. Concerning the nature and circumstances of the original offense, the government noted that it was a methamphetamine offense, and that Defendant's present drug of abuse is methamphetamine. The government pointed out the concern that Defendant's drug use would lead him back into the trafficking of methamphetamine, as well as the inherent dangerousness of methamphetamine use. Regarding mitigating factors, the government stated that it was encouraging to see that Defendant had a positive influence in his life through the presence of his parents, that Defendant has a good relationship with the USPO in that he shows up on time and when instructed to, that he is not obstructive or difficult to deal with, and that he has always been truthful with his probation officer, despite initially denying the conduct underlying these violations. The government stated that,

given these mitigating factors, Defendant appears willing to comply with the terms of his supervised release. As to the term of supervised release, the government noted Defendant's prior treatment history and stated that aftercare should occur in this case to aid in Defendant's transition from imprisonment to supervised release, and to reinforce the lessons that Defendant learned by completing the RDAP.

Defense counsel's argument emphasized the same mitigating circumstances that the government pointed to and noted Defendant's history of mental illness, including his methamphetamine dependency and depression. Counsel indicated that treatment is in the best interest of Defendant and suggested an inpatient setting with outpatient treatment to follow.

Defendant addressed the Court directly and apologized to his family and probation officer. He stated that he would comply with any and all conditions imposed upon him.

II.

The Court has evaluated the entire record, the Supervised Release Violation Report and accompanying documents, and the sentencing materials from Defendant's underlying judgment. Additionally, the Court has considered all of the 18 U.S.C. § 3553(a) factors imported into the § 3583(e) analysis.

Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pleaded guilty to one count of conspiracy to manufacture fifty grams or more of a methamphetamine mixture under 21 U.S.C. § 846--a Class B felony. *See* 21 U.S.C. 841(b)(1)(B). For a Class B felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is three years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (internal citation omitted). The Guidelines also instruct that, "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

Under U.S.S.G. § 7B1.1(a), Defendant's admitted conduct qualifies as a Grade C violation with respect to Violation #1 and a Grade B violation with respect to Violation #2. Given Defendant's criminal history category of two (the category at the time of the original conviction in this District) and a Grade B violation, Defendant's range, under the Revocation Table of Chapter 7, is six to twelve months. *See* U.S.S.G. § 7B1.4(a). Both parties agreed to this calculation of the range.

Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant's release because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). The Sixth Circuit clearly and repeatedly has equated drug use with drug possession, and Defendant's admitted use in this context undoubtedly results in application of 18 U.S.C. § 3583(g)(1). *See United States v. Hancox*, 49 F.3d 223, 224 (6th Cir. 1995); *see also United States v. Metcalf*, 292 F. App'x 447, 449 n.2 (6th Cir. 2008) ("Mandatory revocation was .

5

. . warranted under § 3583(g)(1), as we have held that use of a controlled substance constitutes possession under that subsection.").

Through that consideration, the Court will recommend that Defendant's supervision be revoked and that he be sentenced to a three-month term of imprisonment followed by two years of supervised release.

### III.

The Court has carefully weighed the nature and circumstances of the original offense which was a methamphetamine conspiracy. Defendant's use of methamphetamine, the conduct giving rise to the violations, poses a danger that Defendant will return to trafficking in methamphetamine. The use of methamphetamine also implicates the need to protect the public and deter criminal conduct in that Defendant's use of methamphetamine is inherently dangerous, he poses a risk to the public each time he uses the drug, and commits a new criminal act as well.

The Court recognizes the strong need for treatment in this case, which frames its recommendation of inpatient substance abuse treatment and mental health treatment as additional conditions of Defendant's supervised release following his term of imprisonment.

Finally, the Guidelines suggest that the *primary* wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* U.S.S.G. Chp. 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Defendant's conduct represents a breach of the Court's trust because he used methamphetamine despite the attempts by the USPO and the Court to help Defendant with his addiction. However, Defendant admitted his methamphetamine use to the Court and did not try to hide it from his probation officer, which

shows he recognizes that he has a problem and is committed to bettering himself through treatment. The Court commends Defendant for his eighteen-month period of compliance while on supervised release and considers that a reason to incentivize Defendant as to further compliance.

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is most often addressed by a recommended sentence within the Guidelines range. Yet, in this case, the Court believes a sentence outside of the advisory Guidelines range is appropriate. In such a scenario, the Court must provide a "specific reason" for going outside of the Guidelines range. *See United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (requiring that any deviation from the Guidelines range be supported by a specific reason that justifies the extent of the deviation). The Court, in this case, finds that a downward variance of three-months from the Guidelines Range is appropriate given Defendant's history of compliance with the conditions of his supervised release, his admission to the conduct underlying the violations, and his desire to treat his addiction.

A court may also re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) and (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Given the nature of Defendant's convictions pursuant to 18 U.S.C. §§ 841/846 and 3583(h), there is no maximum period of time that Defendant can be placed on supervised release following revocation. Accordingly, the Court recommends that a term of twenty-four months of supervised release be imposed following his term of incarceration. The Court recommends that the conditions of supervised release at Docket Entry 856 be re-imposed,

7

with an added condition requiring that Defendant participate in, and complete, inpatient substance abuse and mental health treatment at the direction of the USPO.

IV.

Based on Defendant's admitted conduct, and in consideration of the factors discussed above, the Court **RECOMMENDS**:

(1) That Defendant be found guilty of Violations #1 and #2;

(2) Revocation and imprisonment for a term of three months; and

(3) Two years of supervised release under the conditions contained in Defendant's judgment at Docket Entry 856, with the added condition that Defendant complete inpatient and mental health treatment as directed by the USPO. The USPO shall attempt, in advance of Defendant's release, to arrange treatment at a facility of its choosing and assess Defendant for continued outpatient treatment following the inpatient program.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. D.E. 1294. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court

and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 28th day of August, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge

Case: 6:13-cr-00020-GFVT-HAI Doc #: 1295 Filed: 08/28/19 Page: 9 of 9 - Page ID#: 4505