UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 6:13-CR-00020-GFVT-HAI-13 |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES RUSSELL BENNETT, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 1295.] Defendant James Russell Bennett has been charged with two violations of his terms of supervised release. *Id.*

In November 2014, this Court sentenced Mr. Bennett to sixty months of incarceration followed by four years of supervised release. [R. 856.] Mr. Bennett began his term of supervised release on March 31, 2017. On July 24, 2019, the United States Probation Office (USPO) issued a Supervised Release Violation Report (the Report) charging Mr. Bennett with these violations.

The Report charged Mr. Bennett with violating the condition that requires him to refrain from any unlawful use of a controlled substance, and violating the condition that requires he not commit another federal, state, or local crime. More specifically, the Report states that Mr. Bennett supplied a urine sample to USPO that tested positive for methamphetamine.

On August 6, 2019, Mr. Bennett appeared before Magistrate Judge Hanly A. Ingram for his initial appearance pursuant to Rule 32.1 [R. 1288.] During the hearing, Mr. Bennett made a

knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for detention, and Mr. Bennett argued for release. *Id.* The Court found that detention was required, and he was remanded to the custody of the United States Marshal. The Court scheduled a final revocation hearing for August 21, 2019. At his final revocation hearing, Mr. Bennett knowingly, voluntarily, and intelligently stipulated to the violations alleged in the Report. Subsequently, Judge Ingram prepared a recommended disposition.

Mr. Bennett's admitted conduct qualifies as a Grade C violation with respect to his use of methamphetamine. Relatedly, the Sixth Circuit has held that use is equivalent to possession. Simple possession of methamphetamine is a Class E felony. This conduct is a Grade B violation. With a criminal history category of II and a Grade B[1] violation, the parties agreed that Mr. Bennett's range under the Revocation Table of Chapter 7 six to twelve months. During the final hearing, the parties each recommended a sentence. The Government argued for a three-month term of incarceration, followed by two years of supervised release. Defense counsel argued that treatment for methamphetamine dependency would be appropriate for Mr. Bennett, and suggested inpatient treatment with outpatient treatment to follow. In support of their recommendations, both sides cited Mr. Bennett's positive relationship with USPO and the positive influence of Mr. Bennett's parents in his life.

Taking the parties' positions under advisement, Judge Ingram considered the relevant §§ 3553 and 3583 factors in order to determine an appropriate revocation term of imprisonment. *Id.* As an initial matter, Judge Ingram noted that revocation was mandatory in this case. Mr.

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

Bennett's underlying conviction was a methamphetamine conspiracy, and use of methamphetamine gave rise to the instant violations. Therefore, there is a danger that Mr. Bennett will return to trafficking methamphetamine. There is a need to protect the public from this possibility as well as deter Mr. Bennett from this conduct. Judge Ingram also recognized a strong need for treatment for Mr. Bennett's drug dependency. Ultimately, Judge Ingram recommended adopting the penalty recommended by the government: incarceration for three months, followed by two years of supervised release.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. Bennett has filed a waiver of allocution. [R. 1299.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 1295**] as to Defendant James Russell Bennett is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Bennett is found **GUILTY** of both violations;

3. Mr. Bennett's Supervised Release is **REVOKED;**

4. Mr. Bennett is hereby **SENTENCED** to a term of incarceration of three (3) months, to be followed by two (2) years of supervised release under the conditions contained in Defendant's original judgment [R. 856];

5. Judgment shall enter promptly.

This the 8th day of October, 2019.

Gregory F. Van Tatenhove
United States District Judge