UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:13-CR-20-GFVT-HAI-13 |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| JAMES RUSSELL BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

On referral from District Judge Van Tatenhove, the Court considers a reported violation of supervised release by Defendant James Bennett. *See* D.E. 1350 at 2. Judge Van Tatenhove entered a judgment against Defendant on November 5, 2014, following his guilty plea to conspiracy to manufacture fifty grams or more of a methamphetamine mixture, a lesser-included offense of 21 U.S.C. § 846. D.E. 856. Defendant was originally sentenced to sixty months of imprisonment and a four-year term of supervised release. *Id.* at 2–3. Defendant began his term of supervised release on March 31, 2017.

On November 26, 2018, Judge Van Tatenhove approved a Report on Offender Under Supervision, allowing no action to be taken following Defendant's positive urine test and admission to the use of methamphetamine on November 6, 2018. D.E. 1223. Defendant reported to the United States Probation Office ("USPO") on November 13, 2018, as directed by his probation officer, and provided another urine specimen which tested negative for the use of a controlled substance. *Id.* Defendant showed a willingness to participate in treatment, and his probation officer placed him in outpatient substance abuse counseling once per week. *Id.*

On October 8, 2019, Defendant's supervision was revoked for two violations related to his use of methamphetamine. D.E. 1309. Defendant was sentenced to three months of incarceration followed by two years of supervised release. *Id*. An additional condition was imposed which required Defendant to complete an inpatient treatment program following his release. *Id*. Defendant was released from custody on November 4, 2019. On November 11, 2019, Judge Van Tatenhove again approved a Report on Offender Under Supervision and allowed no action to be taken after Defendant failed to report to the USPO upon his release and admitted use of methamphetamine. D.E. 1330.

On January 15, 2020, the USPO issued the Supervised Release Violation Report that initiated these proceedings and secured an arrest warrant on the same date. Defendant was arrested on January 21, 2020. The Report charges Defendant with one violation. Violation #1 alleges that Defendant violated the condition requiring him to complete an inpatient and mental health treatment program immediately upon release after he left WestCare's inpatient facility on December 26, 2019, against clinical advice. This is a Grade C violation.

I.

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on January 22, 2020. D.E. 1354. During the hearing, Defendant made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id*. At that time, the United States made an oral motion for detention; Defendant did not argue for release. *Id*. Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required. *Id*.

At the final hearing on February 3, 2020, Defendant was afforded all rights under Rule 32.1 and 18 U.S.C. § 3583. D.E. 1359. Defendant waived a formal hearing and stipulated to the

2

violation as set forth in the Report. *Id.* The Court found Defendant to be competent to stipulate to the violation and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.*

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade C violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(3).

During the final hearing, the parties jointly recommended a sentence of twelve months of imprisonment with no supervised release to follow. The government argued that the recommendation is appropriate given Defendant's history of non-compliance on supervision and that Defendant has previously had the benefit of two Form Prob12A's, which approved that no action be taken on two separate instances when Defendant admitted to the use of methamphetamine. Additionally, the government argued that a two-month upward deviation from the Guidelines Range is appropriate given the downward departure in October 2019 and to protect the public as Defendant continues to abuse controlled substances and such abuse presents an inherent danger to the public. Further, the government argued that the variance was warranted in light of the recommendation that no term of supervised release follow Defendant's term of imprisonment. As to their recommendation that no term of supervised release be re-imposed, the government pointed out that the USPO has already attempted to help Defendant in every way it could, yet Defendant continues to violate the terms of his release.

Defense counsel argued that the joint recommendation is appropriate because it will provide both a deterrent effect and just punishment for the violation, especially in light of the

3

significant breach of the Court's trust and previous violations/revocation. As to the recommendation that no term of supervised release be re-imposed, defense counsel argued that Defendant is not a dangerous man and that the upward variance allows for him to be adequately punished for his conduct.

Defendant addressed the Court directly and stated that he poses no harm to the public, even when he is impaired by drugs and that the only victims of his conduct are his family. Defendant explained that he is moving to Barbourville to remove himself from the negative environment he currently resides in and to further distance himself from drugs. He stated that he had no excuse for leaving the inpatient treatment facility and that he simply chose to leave.

## II.

The Court has evaluated the entire record, the Report and its accompanying documents, and the sentencing materials from Defendant's underlying judgment. Additionally, the Court has considered all of the 18 U.S.C. § 3553(a) factors imported into the § 3583(e) analysis.

Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pleaded guilty to one count of conspiracy to manufacture fifty grams or more of a methamphetamine mixture, a lesser included offense of 21 U.S.C. § 846 -- a Class D felony. *See* 21 U.S.C. 841(b)(1)(B). For a Class D felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is three years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the

4

United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (internal citation omitted).

Under U.S.S.G. § 7B1.1(a), Defendant's admitted conduct qualifies as a Grade C violation with respect to the violation. Given Defendant's criminal history category of II (the category at the time of the original conviction in this District) and a Grade C violation, Defendant's range, under the Revocation Table of Chapter 7, is four to ten months. *See* U.S.S.G. § 7B1.4(a). Both parties agreed to this calculation of the range.

The Court will recommend that Defendant's supervision be revoked and that he be sentenced to twelve months of imprisonment with no supervised release to follow.

III.

The Court has carefully weighed the nature and circumstances of the original offense which was a serious methamphetamine conspiracy. As to Defendant's history and characteristics, his termination of inpatient treatment, the conduct giving rise to the violation, evidences that he has lost the motivation to fully commit himself to recovery. He must change his mindset before he will be able to truly overcome both his substance abuse and his underlying mental health issues. While Defendant is not a violent man, the need to protect the public and deter criminal conduct still exists in that the use of methamphetamine is inherently dangerous and he poses a risk to the public each time he uses and obtains the drug. Defendant clearly needs treatment, but without the appropriate mindset and dedication, any treatment the Court recommends will be futile, as evidenced by Defendant walking away from treatment. Accordingly, this lack of effort informs the Court's recommendation that no additional supervised release be imposed. Defendant will have to take it upon himself to enter treatment should he decide to fully commit to a program.

5

Finally, the Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* U.S.S.G. Chp. 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Defendant was given the benefit of a downward variance during his last revocation and returned that extension of trust by walking away from inpatient treatment. Additionally, the Court notes that Defendant has had the benefit of two different Reports on Offender Under Supervision which approved no action be taken after Defendant admitted to the use of methamphetamine.

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is most often addressed by a recommended sentence within the Guidelines Range. Yet, in this case, the Court believes a sentence outside of the advisory Guidelines Range is appropriate. In such a scenario, the Court must provide a "specific reason" for going outside of the Guidelines Range. *See United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (requiring that any deviation from the Guidelines Range be supported by a specific reason that justifies the extent of the deviation). The Court, in this case, finds that an upward deviation of two-months from the Guideline Range is appropriate given that this is Defendant's second revocation and he received a downward deviation of six months in his first revocation.

A court may also re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) and (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See*

6

18 U.S.C. § 3583(h). Given the nature of Defendant's convictions pursuant to 18 U.S.C. §§ 841 and 3583(h), there is no maximum period of time that Defendant can be placed on supervised release following revocation. The Court finds that a term of supervised release is unwarranted. Defendant has been afforded every option that the USPO can provide to him, including the benefit of placement at an inpatient treatment facility, which Defendant walked away from without reason. Defendant needs to try harder if he wants to successfully overcome his addiction and it is now up to him to seek out treatment. The Court finds twelve months of imprisonment, with no supervised release to follow, is sufficient but not greater than necessary to address the applicable section 3553(a) factors.

IV.

Based on Defendant's admitted conduct, and in consideration of the factors discussed above, the Court **RECOMMENDS**:

(1) That Defendant be found guilty of the violation;

(2) Revocation and imprisonment for a term of twelve months; and

(3) No supervised release to follow.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. D.E. 1359. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration,

7

de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 4th day of February, 2020.

**Signed By:**

**_Hanly A. Ingram_**

**United States Magistrate Judge**