UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Crim. No. 6:13-CR-00020-GFVT-HAI-13 |
| V. | ) | |
| JAMES RUSSELL BENNETT, | ) | **ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 1361.] Defendant James Russell Bennett has been charged with one violation of his terms of supervised release. *Id.*

In November 2014, Mr. Bennett pled guilty to Count 1 of the Indictment, Conspiracy to Manufacture 50 Grams or More of Methamphetamine Mixture. [R. 856.] This Court sentenced Mr. Bennett to sixty months of incarceration followed by four years of supervised release. *Id.* Mr. Bennett began his term of supervised release on March 31, 2017. On November 26, 2018, the undersigned approved a Report on Offender Under Supervision approving no action in response to a positive urine test and Mr. Bennett's admission to use of methamphetamine. [R. 1223.] Later, on October 8, 2019, Mr. Bennett's supervision was revoked for two violations related to use of methamphetamine. [R. 1309.] Mr. Bennett was sentenced to three months incarceration followed by two years of supervised release, with the added condition that he complete an inpatient treatment program following release. *Id.* Mr. Bennett was released on November 4, 2019, and on November 11, 2019 the undersigned approved a second Report on

Offender Under Supervision approving no action after Mr. Bennett failed to report to the United States Probation Office (USPO) after release and admitted to using methamphetamine.

On January 15, 2020, USPO issued the instant Supervised Release Violation Report (the Report). Mr. Bennett was arrested January 21, 2020. The Report alleges one violation of supervised release. Violation #1 alleges that Mr. Bennett violated the condition of release requiring him to complete an inpatient and mental health treatment program immediately upon release when he left WestCare's inpatient facility on December 26, 2019. This is a Grade C violation.

On January 22, 2020, Mr. Bennett appeared before Magistrate Judge Hanly A. Ingram for his initial appearance pursuant to Rule 32.1 [R. 1354.] During the hearing, Mr. Bennett made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for detention, and Mr. Bennett did not argue for release. *Id.* The Court found that detention was required, and he was remanded to the custody of the United States Marshal. The Court scheduled a final revocation hearing for February 3, 2020. At his final revocation hearing, Mr. Bennett knowingly, voluntarily, and intelligently stipulated to the violations alleged in the Report. Subsequently, Judge Ingram prepared a recommended disposition.

Mr. Bennett's admitted conduct qualifies as a Grade C violation. With a criminal history category of II and a Grade B[1] violation, the parties agreed that Mr. Bennett's range under the Revocation Table of Chapter 7 is four to ten months. During the final hearing, the parties jointly recommended a sentence of twelve months imprisonment with no period of supervised release to

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

follow. The government argued that the above-guidelines sentence as was appropriate because Mr. Bennett had previously received the benefit of two Report on Offender Under Supervision approving no action in response to violations, as well as a downward departure on his October 2019 revocation. Defense counsel agreed with the upward deviation, arguing that it would provide a deterrent effect and just punishment for the violation. The government argued no period of supervision should follow because USPO has already done all they can do to help Mr. Bennett. Defense counsel agreed supervision was unnecessary because Mr. Bennett does not pose a danger to the public, and the longer sentence would allow him to be adequately punished for the violation.

Taking the parties' positions under advisement, Judge Ingram considered the relevant §§ 3553 and 3583 factors in order to determine an appropriate revocation term of imprisonment. *Id.* Mr. Bennett's underlying conviction was a methamphetamine conspiracy. Judge Ingram found that the recent violation demonstrated that Mr. Bennett "has lost the motivation to fully commit himself to recovery." [R. 1361.] While Mr. Bennett needs treatment for his drug addiction, treatment will not be helpful if Mr. Bennett is not in the right mindset to receive treatment. Accordingly, Judge Ingram made it clear to Mr. Bennett that he must seek treatment himself, as no additional supervised release would be imposed following the instant revocation. Finally, Mr. Bennett has broken the Court's trust more than once. He was given the benefit of two reports approving no action as well as a downward variance on his last revocation. Despite this leniency, Mr. Bennett failed to completely inpatient treatment, for which he says he has "no excuse." [R. 1361 at 4.] Ultimately, Judge Ingram recommended adopting the sentence recommended by the parties: twelve (12) months incarceration, with no period of supervision to follow.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. Bennett has filed a waiver of allocution. [R. 1363.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 1361**] as to Defendant James Russell Bennett is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Bennett is found **GUILTY** of the violation;

3. Mr. Bennett's Supervised Release is **REVOKED;**

4. Mr. Bennett is hereby **SENTENCED** to a term of incarceration of **twelve (12) months** with no term of supervision to follow;

5. Although a final placement decision is in the discretion of the Bureau of Prisons, at Mr. Bennett's request [R. 1364], the Court **RECOMMENDS** that Mr. Bennett be placed at FMC Lexington in Lexington, Kentucky to serve his period of incarceration; and

6.      Judgment shall enter promptly.

This the 19th day of February, 2020.

Gregory F. Van Tatenhove
United States District Judge